**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JULIAN J. PARDINI, SB# 133878
  E-Mail: Julian.Pardini@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile: 415.434.0882

ANGELA A. ZANIN, SB# 229149
  E-Mail: Angela.Zanin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| YERVAND ALOYAN AND ANI YANTURYAN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and Illinois corporation licensed to do business in California; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE TO FEDERAL COURT OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b), and 1446(d)**<br><br>**[DIVERSITY]** |

**TO: THE HONORABLE COURT; PLAINTIFFS HEREIN and THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on July 11, 2025, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm" or "Defendant"), by and through its counsel, filed this Notice pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446 (d) and Fed. R. Civ. P. 81(c) with the Clerk of the Court

for the United States District Court, Central District of California, and the supporting pleadings to accomplish the removal of this action pending in the Superior Court of the State of California in and for the County of Los Angeles entitled, *Yervand Aloyan and Ani Yanturyan v. State Farm Mutual Automobile Insurance Company*, Los Angeles County Superior Court Case No. 25NNCV03954, commenced on June 9, 2025, on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. Code § 1441(b) (Diversity of Citizenship) and 28 U.S.C. Code § 1332(a) (amount in controversy exceeds the sum or value of $75,000). State Farm may remove this action to this Court because this is an action between citizens of different states (28 U.S.C. § 1441(b)), and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  (28 U.S.C. §§ 1332, 1441(a), and 1446(b)).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391, and 1446(a), because this District embraces the place in which the removed action has been pending. This Notice of Removal is filed in the United States District Court for the Central District of California because the action is pending in California Superior Court in and for the County of Los Angeles, within this Court's jurisdiction.

## II. DIVISIONAL ASSIGNMENT

3. Pursuant to Local Rules of Practice in Civil Proceedings before the United States District Court for the Central District of California, assignment of this civil action is proper because the action is pending in Superior Court for the State of California in and for the County of Los Angeles.

## III. PROCEDURAL REQUIREMENTS AND STATUS OF THE PLEADINGS

4. On June 9, Plaintiffs YERVAND ALOYAN and ANI YANTURYAN ("Plaintiffs") filed a civil action in the Superior Court of California for the County of Los Angeles, entitled *Yervand Aloyan and Ani Yanturyan v. State Farm Mutual Automobile Insurance Company*, Los Angeles County Superior Court Case No. 25NNCV03954.

5. On June 13, 2025, Plaintiffs served copies of their Complaint on State Farm. A true and correct copy of Plaintiffs' Complaint is attached and marked **Exhibit A**.

6. Defendant has thirty (30) days from the date of service or receipt of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). This Notice of Removal is therefore timely filed within the thirty (30) day time period for removal set forth in 28 U.S.C. § 1446(b).

7. On July 11, 2025, Defendant filed its Answer to Plaintiffs' Complaint. A true and correct copy of the Answer is attached and marked **Exhibit B**.

8. Plaintiffs' Complaint arises out of events related to an insurance policy issued by Defendant to Plaintiffs. (Exhibit A, Complaint, at ¶ 13.)

9. Plaintiff asserts the following claims for relief: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (3) Intentional Misrepresentation. (*See* Exhibit A, Complaint, at ¶¶ 35-40; 42-51; and 53-56.)

## IV. REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

10. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

159838879.1

3

STATE FARM MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT



### A. Diversity of Citizenship Exists

11. Plaintiffs Yervand Aloyan and Ani Yanturyan residents are residents of the City of Glendale, State of California. (*See* Exhibit A, Complaint, at ¶ 5.)

12. Defendant State Farm Mutual Automobile Insurance Company is domiciled in the State of Illinois.

13. Defendant's corporate headquarters and principal place of business is located at 1 State Farm Plaza, Bloomington, Illinois, 61710-0001.

14. From its Bloomington, Illinois, headquarters, Defendant directs, controls, and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Defendant's operations; (2) matters relating to Human Resources of Defendant; (3) matters relating to legal, regulatory, and trade compliance of Defendant; (4) matters relating to the information technology of Defendant; and (5) matters relating to the tax obligations of Defendant.

15. For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While a corporation's state of incorporation can be determined with ease, its principal place of business often proves elusive. To simplify the jurisdictional inquiry, the United States Supreme Court has defined "principal place of business" to mean "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This "nerve center" is "typically . . . found at a corporation's headquarters." *Id*., at 81; see also *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

Defendant's "nerve center" is in Bloomington, Illinois; therefore, Defendant is a citizen of Illinois, and not of California.

/ / /

/ / /

16. Therefore, Plaintiffs and Defendant are not citizens of the same state and removal based on diversity of citizenship is proper, and this Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

### B. The Amount in Controversy Requirement Is Met

17. "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F. 3d 785, 794 (9th Cir. 2018). It is well established that "*Brandt* fees" are included in a calculation of the amount in controversy. *James Dickey, Inc. v. Alterra America Ins. Co.*, 2015 U.S. Dist. LEXIS 97793, at *7-8 (C.D. Cal. July 27, 2015) (finding that court may consider *Brandt* fees when assessing the amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (finding that a reasonable estimate of future attorney's fees could be included in determining in calculating the amount in controversy). In addition, in California, a plaintiff may recover punitive damages for insurance "bad faith" claims, and such damages are included in calculating the jurisdictional amount in controversy. *James Dickey*, *supra*, at *6.

18. The removing party's initial burden is to "file a notice of removal that includes, 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F. 3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, 1446(a) tracks the general pleading requirements stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, *supra*, 135 S. Ct. at 553. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F. 3d 676. 690 (9th Cir. 2006) (internal citation omitted).

/ / /

19. Defendant disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Defendant can demonstrate that it is "facially apparent" that the jurisdictional amount is in controversy. This standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

20. In their Complaint, Plaintiffs allege causes of action for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealings, and Intentional Misrepresentation. (See Exhibit A, Complaint, at ¶¶ 35-40; 42-51; and 53-56.) Plaintiffs request monetary relief. (See Exhibit A, Complaint, pp. 17-18.)

21. Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted).

22. Directly in line with this reasoning is *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 (9th Cir. 2016), a case in which the plaintiff sued a used car dealer for violation of the Song-Beverly Act and other state law claims. Defendant removed based on diversity, and the plaintiff challenged the removal, arguing that the amount-in-controversy requirement was not satisfied. The Ninth Circuit disagreed and held the following:

> To establish original jurisdiction based on diversity of parties, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). We have defined the amount in controversy as the "amount at stake in the underlying litigation," [citation]; this includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. [Citation]. **This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.**[Citation].
>
> In this case, when the potential cost of complying with injunctive relief is considered along with Gonzales's

claims for compensatory damages and punitive damages, the district court did not err in finding that the jurisdictional amount-in-controversy requirement was satisfied.

*Gonzales*, *supra*, at 648-649, emphasis added.

23. In addition, as the *Gonzalez* court indicated, attorneys' fees awarded under fee-shifting statutes are to be considered in assessing the jurisdictional threshold. In this case, Plaintiffs seek such an award. How are these fees to be computed? At the time of *Gonzalez*, it was "an open question whether attorneys' fees that are anticipated but unaccrued at the time of removal or filing in federal court . . . may be included in the amount-in-controversy." (*Gonzalez,* at fn. 2). That open question was resolved in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), an analogous diversity case. In *Chavez*, the Ninth Circuit held that "the amount in controversy is determined by the complaint operative at the time of removal and *encompasses all relief a court may grant on that complaint if the plaintiff is victorious*." (*Id.*) Under that standard, this Court should consider the range of fee awards that Plaintiff would receive if it were to be victorious at trial. However, the Court should note that the addition or consideration of attorneys' fees also allows Defendant to meet the amount in controversy requirement. It requires no great familiarity with the cost of litigation to conclude that Plaintiff will likely incur further expenses in taking this case through discovery, depositions, motions, experts, and trial. Thus, when either the exposure to attorneys' fees are properly considered, there is simply no question that the Court has diversity jurisdiction.

## V. CONCLUSION

24. Pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332(a), this case meets the elements of diversity jurisdiction and may be removed to this Court by Defendant because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action is

between citizens of different states, and (iii) the matter in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

25. Defendant has sought no similar relief with respect to this matter. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

**WHEREFORE**, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. 25NNCV03954 be removed from the Superior Court of California, County of Los Angeles, to the docket of this Honorable Court, the District Court of the United States, for the Central District of California.

Pursuant to 28 U.S.C. 1446(a), copies of all process and pleadings for the state action in Defendant's possession are contained in the exhibits filed herewith.

Pursuant to 28 U.S.C. 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles, promptly after filing of the same in this Court.

DATED: July 11, 2025         LEWIS BRISBOIS BISGAARD & SMITH LLP


By:     /s/ *Angela A. Zanin*
        Julian J. Pardini
        Angela A. Zanin
        Attorneys for Defendant
        STATE FARM MUTUAL
        AUTOMOBILE INSURANCE
        COMPANY

# FEDERAL COURT PROOF OF SERVICE
Yervand Aloyan, et al. v. State Farm Mutual Automobile Insurance Company
Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 11, 2025, I served the following document(s): **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE TO FEDERAL COURT OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b), and 1446(d)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Erik Zograbian, Esq.  
Abraham Dervishian, Esq.  
Karabed Mikaelian, Esq.  
D & Z LAW GROUP, LLP  
1646 Victory Blvd.  
Glendale, CA 91201  

Tel.: (818) 937-9433  
Fax: (818) 230-1910  
erik@dzlawgroup.org  
www.dzlawgroup.org  

*Attorneys for Plaintiffs*  
YERVAND ALOYAN and ANI YANTURYAN

The documents were served by the following means:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 11, 2025, at Los Angeles, California.

_Leticia Rodriguez_ (signature)

Leticia Rodriguez

159838879.1

STATE FARM MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT