**EXHIBIT A**

1   Erik Zografian, Esq., CA SBN 245144
    Abraham Dervishian, Esq., CA SBN 262938
    Karabed Mikaelian, Esq., CA SBN 344212
2   D & Z LAW GROUP, LLP
    1646 Victory Blvd.,
3   Glendale, CA 91201
    Telephone: 818 937-9433
4   Facsimile: 818 230-1910

                                              Electronically FILED by
                                              Superior Court of California,
                                              County of Los Angeles
                                              6/09/2025 4:52 PM
                                              David W. Slayton,
                                              Executive Officer/Clerk of Court,
                                              By N. Le, Deputy Clerk

5   Attorneys for Claimant, YERVAND ALOYAN and ANI YANTURYAN

6
7               SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                     FOR THE COUNT OF LOS ANGELES

9   YERVAND ALOYAN AND ANI              )   Case No.:  25NNCV03954
                                        )
10  YANTURYAN,                          )   COMPLAINT FOR:
                                        )
11          Claimants,                  )   1.  BREACH OF CONTRACT
                                        )
12          vs.                         )   2.  BREACH OF THE IMPLIED
                                        )       COVENANT OF GOOD FAITH
13  STATE FARM MUTUAL AUTOMOBILE        )       AND FAIR DEALING
                                        )
14  INSURANCE COMPANY, AND DOES 1 TO    )   2.  INTENTIONAL
                                        )       MISREPRESENTATION
15  100                                 )
                                        )
16          Respondent.                 )

17          COME NOW PLAINTIFFS, YERVAND ALOYAN AND ANI YANTURYAN

18  (HEREINAFTER PLAINTIFFS), FIRST PARTY INUREDS AND HEREBY ALLEGE AS

19  FOLLOWS:

20                          GENERAL ALLEGATIONS

21          1.      This is an insurance bad faith case brought by the insureds against STATE FARM

22  MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 to 100 (hereinafter

23  referred in the aggregate as "STATE FARM" or "DEFENDANTS"). The PLAINTIFFS seek

24  damages stemming from STATE FARM'S bad faith failure to promptly, reasonably and fairly to

25  investigate and adjust their uninsured motorist claim stemming from an automobile accident on

26  February 6, 2024, involving a hit and run driver.

27          2.      STATE FARM failed to properly handle and adjust PLAINTIFF'S claim in good

28  faith and, in fact, instituted claims practices designed to improperly deny and/or minimize valid

                                    - 1 -
                                 COMPLAINT

claims, placing their own financial interests above the interests of their policyholders, in violation of their contractual obligations.

**JURISDICTION AND VENUE**

3.   Jurisdiction over the claims in the Complaint is proper, because the DEFENDANTS' wrongful, negligent, fraudulent and/or deceitful conduct in relation to PLAINTIFFS occurred in Los Angeles County, State of California, the subject insurance contract was entered in the said County and the amount in controversy exceeds $35,000.00.

4.   Venue is placed in the County of Los Angeles, because DEFENDANTS' wrongful, negligent, and deceitful conduct with respect to PLAINTIFFS occurred in the said county, the damaged Insured Property is located within the said county, each claim was submitted to the DEFENDANTS in the said County, the subject insurance policy was issued, generated and delivered to the PLAINTIFFS in the said County and the amount in controversy exceeds $35,000.00.

**THE PARTIES**

5.   PLAINTIFFS YERVAND ALOYAN and ANI YANTURYAN, at all relevant times herein, were residents of the City of Glendale, State of California.

6.   PLAINTIFFS are informed, believe and thereon allege that STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is a corporation with its headquarters and principal place of business in the State of California and is duly authorized to conduct insurance business, and in fact does conduct insurance business under and by virtue of the laws of the State of California.

7.   The true names or capacities whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.  The Plaintiffs are informed and believe and therefore allege that each of the Defendants designated herein as a Doe is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiffs as alleged herein.

8.    PLAINTIFFS are ignorant of the names of the DEFENDANTS sued herein as DOES 1 through 100, inclusive.  At all times herein mentioned, DEFENDANT DOES 1 through 100, inclusive, were designated, assigned, instructed, hired and otherwise directed to handle the insurance claims or losses herein.  PLAINTIFFS are informed, believe and thereupon allege that DEFENDANTS Does 1 through 100, were authorized and instructed by the other named DEFENDANTS to address and discuss all aspects of the Insurance Policy with PLAINTIFFS, to evaluate the claims of PLAINTIFFS, investigate the losses thereunder, determine the extent, nature and scope of the damages sustained by PLAINTIFFS and to act in all other capacities for and on behalf of PLAINTIFFS. PLAINTIFFS are informed and believe that DOES 1 through 100, were at all times relevant herein residents of the State of California.

9.    DEFENDANTS including the fictitious doe DEFENDANTS, and each of them, are sometimes collectively hereinafter referred to as "DEFENDANTS," unless otherwise specified herein.  PLAINTIFFS are informed, believe and thereon allege, that at all times relevant, DEFENDANTS joined and associated together by way of contract, arrangement, joint venture, employment agreement or otherwise in connection with underwriting, solicitation, insurance transaction, claim procedures, inspections, adjustments and investigations of PLAINTIFFS ' claims under the Insurance Policy.  PLAINTIFFS are further informed, believe and thereon allege that at all times relevant, DEFENDANTS, jointly or otherwise, conspired together, assisted each other and implemented policies and procedures to the detriment of PLAINTIFFS and in total disregard for the economic interest, mental health, physical health, well-being and other interests of PLAINTIFFS, protected under the terms, conditions and provisions of the Insurance Policies and under the laws of the State of California.  PLAINTIFFS are unaware of the precise nature or capacity of each of the DEFENDANTS throughout the underwriting, solicitations, insurance adjustments, inspections, investigations or other related circumstances, and Plaintiffs are informed, believe and thereupon allege that all of the

- 3 -
**COMPLAINT**

1   DEFENDANTS are equally, jointly or severely liable to PLAINTIFFS for the conduct and

2   damages asserted herein, unless designated otherwise.

3       10.    The true names or capacities, whether individual, corporate, associate or

4   otherwise of DEFENDANTS sued herein as DOES 1 through 100, inclusive, are unknown to

5   PLAINTIFFS, who therefore sue such DEFENDANTS by such fictitious names and will further

6   amend the Complaint to show their true names and capacities when ascertained. PLAINTIFFS

7   are informed and believe and thereupon allege that each of the DEFENDANTS selected as

8   DOES 1 through 100, inclusive, is responsible in some manner for the occurrences herein

9   maintained and that PLAINTIFFS' damages hereinafter alleged were proximately caused by such

10   DEFENDANTS.

11       11.    PLAINTIFFS are informed, believe and thereon allege, that at all times relevant,

12   each of the DEFENDANTS was the agent, employee or representative of each of the remaining

13   DEFENDANTS, and in doing the things hereinafter claimed, each was acting within the course

14   and scope of the said agency, employment or representation with the advanced knowledge,

15   acquiescence or subsequent ratification of each and every remaining DEFENDANT.

16

17   **GENERAL ALLEGATIONS**

18       12.    All allegations in this complaint are based on information and belief and/or are

19   likely to have evidentiary support after a reasonable opportunity for further investigation or

20   discovery.

21   **FACTUAL BACKGROUND**

22       13.    At all times relevant herein, PLAITNIFFS, were insured by Defendant, STATE

23   FARM, under a policy of insurance bearing Policy No. 791 8933-E15-75A ("POLICY"). The

24   Defendants created the contract of insurance and issued the contract of insurance to the

25   Plaintiffs, therefore, each Defendant knows each and every term and condition of said contract of

26   insurance. If Plaintiffs have not attached all pertinent portions of the insurance policy, it's

27   because Plaintiffs cannot locate any further documents. Since the Defendants created the

28

- 4 -
**COMPLAINT**

1  contract of insurance and issued the contract of insurance to the Plaintiffs, Defendants, and each

2  of them, know each and every term and condition of said contract of insurance and, therefore,

3  this complaint is not vague simply because a copy of the complete insurance contract is not

4  attached.  There is no prejudice or uncertainty to the Defendants in this regard.  Among other

5  things the contract of insurance agreed to provide uninsured motorist benefits and underinsured

6  motorist benefits to the Plaintiff with a policy limit of $100,000.00 per person/$300,000 per

7  occurrence.

8         14.    Said contract of insurance was entered into within the jurisdiction of the above-

9  entitled court and required the payment of benefits, within the jurisdiction of the above-entitled

10 court, for a total amount to be shown according to proof at the time of trial.

11        15.    At all relative times herein all premiums due under said contract of insurance to

12 Defendant, STATE FARM have been paid.  All obligations under said contract of insurance on

13 Plaintiffs' part to be performed have been performed.

14        16.    On or about February 6, 2024, while said insurance policy was in force and effect

15 Plaintiffs were injured in an automobile collision. Plaintiffs, Yervand Aloyan and Ani Yanturyan

16 were traveling northbound on the I-5 freeway in the far-right lane when they were suddenly

17 struck by another car operated by an unknown driver causing them to crash into a concrete wall.

18 Thereafter, the unknown driver fled from the incident.

19        17.    The injuries from the crash led Plaintiffs, Ani Yanturyan and Yervand Aloyan to

20 undergo extensive treatment, including therapy, acupuncture, neurological examination, pain

21 management including injections.

22        18.    On or about February 9, 2024, Plaintiffs opened an uninsured motorist claim with

23 defendant STATE FARM, pursuant to the terms and conditions of their policy of insurance. The

24 claim included all information verifying that the unknown third-party driver that struck

25 Plaintiffs' vehicle was fully responsible for the incident. Upon completion of their treatment, on

26 or about August 13, 2024, Plaintiffs, through their counsel submitted a demand for payment of

27 their uninsured motorist claim to Defendants along with all pertinent medical records and bills

28 verifying the extent of Plaintiffs' injuries. The documents detailed Plaintiffs' injuries as well as

**COMPLAINT**

1  the Plaintiffs' prognosis and the need for further medical care directly resulting from the
2  collision and the approximate costs of said care.

3       19.    On or about September 12, 2024, in response to Plaintiffs' demands STATE
4  FARM made an offer to Plaintiff, Ani Yanturyan in the amount of $57,825.00 which was
5  apportioned as follows: medical expenses in the amount of $31,405.00, $3,000.00 for future
6  medical bills, $3,000.00 for future pain and suffering and $20,000.00 in general damages.
7  Plaintiff, Ani Yanturyan's medical expenses alone amounted to $54,225.00. On or about
8  September 12, 2024, STATE FARM also made an offer to Plaintiff, Yervand Aloyan in the
9  amount of $50,405.00 which was apportioned as follows: medical expenses in the amount of
10 $30,405.00, $3,000.00 for future medical bills, $3,000.000 for future pain and suffering and
11 $19,000.00 in general damages. Plaintiff, Yervand Aloyan's medical expenses alone amounted
12 to $52,755.00.

13      20.    Plaintiffs are informed and believe that at the time defendant, STATE FARM
14 made these offers it had failed to conduct a fair and reasonable investigation of the claim, namely
15 it had failed to have the medical records and bills reviewed by a medical expert, and instead,
16 made the low ball offers based solely on the biased and unqualified opinion of its adjusters,
17 greed and their desire to minimize and underpay plaintiffs' claim.

18      21.    After these demands were made counsel for Plaintiffs spoke with Belinda
19 Rodeney, the adjuster assigned to the claim at that time to discuss plaintiffs' injuries. When it
20 became clear that the adjuster was completely unqualified to make medical decisions and lacked
21 even a basic understanding of the injuries and damages, counsel for plaintiffs requested that the
22 MRI films and the records be submitted to a medical expert for evaluation. Ms. Rodeney
23 indicated that she would do no such thing and that she believed that her evaluation was fair and
24 reasonable.

25      22.    Based on STATE FARM's refusal to fairly and properly evaluate the claim, and
26 refusal to submit the records for medical review, plaintiffs demanded arbitration on or about
27 September 25, 2025. After demanding arbitration, a different adjuster, whose name is unknown
28 at this time and is being sued herein as Doe 1, contacted plaintiffs' counsel and represented that

- 6 -
**COMPLAINT**

1    STATE FARM was now willing to submit the medical records for review by a medical expert

2    and asked that the Arbitration proceedings, including discovery be placed on hold until STATE

3    FARM had an opportunity to do that. Defendant, Doe 1, represented that upon review of the

4    medical records by a medical expert, that he would contact counsel to discuss settlement. In

5    reliance on the representations made by defendant Doe 1, plaintiffs voluntarily provided medical

6    authorizations to expedite the matter and placed Arbitration proceedings on hold.

7        23.    Months went by with no action. Finally, in March of 2025, 6 months after

8    Arbitration had been demanded with no action by STATE FARM, Plaintiffs became suspicious

9    that STATE FARM was intentionally delaying the matter, plaintiffs served CCP section 998

10    offers to compromise their claim.

11        24.    Confirming plaintiffs suspicions, STATE FARM responded by objecting to the

12    998 claiming it did not have sufficient information to evaluate the claim, and confirming that the

13    medical records and MRI films had not been submitted for medical expert review, even though 6

14    months had passed since the inception of Arbitration. Defendant, STATE FARM also claimed

15    that it did not have all of Plaintiffs medical records, when in fact it did, as plaintiffs had provided

16    same back in August. STATE FARM now claimed that it needed to conduct discovery, including

17    depositions and Defense Medical Examinations, in order to be in position to evaluate the claim,

18    thus further delaying the claims. Fully aware that plaintiffs were seriously injured, required

19    future care, and that the available limits were not sufficient to cover all of their expenses, STATE

20    FARM intentionally delayed the arbitration proceedings, knowing that because of the low limits

21    plaintiffs would be precluded from proceeding with the necessary treatment due to the limited

22    funds available. They did so to later argue delay in treatment.

23        25.    The DEFENDANTS were provided with overwhelming evidence showing that

24    the damages suffered by plaintiffs were well in excess of the available uninsured motorist

25    coverage limits. Despite their knowledge of the serious injuries suffered by plaintiffs,

26    DEFENDANTS continued to wrongfully low ball the claim in conscious disregard for the rights

27    and safety of the PLAINTIFFS. DEFENDANTS' actions constitute conduct which is despicable

28

- 7 -
**COMPLAINT**

behavior done with an intent to injure PLAINTIFFS, such as to constitute oppression, fraud or malice under California Civil Cope section 3294, entitling PLANTIFFS to punitive damages.

26.     DEFENDANTS hired adjusters, agents, and employees who assisted in implementing bad faith claims practices which were utilized in handling and improperly underpaying policy benefits to PLAINTIFFS. Upon information and belief, PLAINTIFFS allege that DEFENDANTS instructed its adjusters, agents, and employees to do the following:

a.     To do improper and incomplete evaluation, adjusting and investigation which would allow STATE FARM to:

(1) Avoid the significant cost of conducting a proper, thorough, and diligent investigation;

(2) Allow STATE FARM to falsely undervalue plaintiffs' claim;

(3) To make unreasonable low ball offers to force plaintiffs to incur the cost of going to Arbitration;

(4)     Other improper acts designed to avoid conducting proper and thorough investigation and timely and proper payment under the policy, and which constitute aiding and abetting.

27.     PLAINTIFFS also contend that all of the DEFENDANTS herein "aided and abetted" each other relative to breaching the insurance contract and in otherwise perpetrating various torts.

28.     As briefly referenced above, PLAINTIFFS are now informed and believe and based thereon allege that the mal-investigation and mal-adjustment of this claim was in strict conformity with an institutional mandate handed down by Executive Management of STATE FARM as follows:

A. All claims should not be fully investigated;

B. The adjusters, employees, and agents were instructed not to comply with applicable regulations unless forced to do so. In other words, they would not assist the

- 8 -
**COMPLAINT**

claimant/insured and among other things would not engage in the counseling function required
by Section 2695.4 and 2695.5.

        C.      That STATE FARM in-house personnel should do the medical evaluation
of the injuries claimed, even if they were not qualified, licensed, or otherwise capable.

        D.      If a claim is investigated, it should be performed by a purported
independent medical expert with whom STATE FARM had an agreement whereby said medical
expert, would arbitrarily issue an opinion that would aid and abet STATE FARM in low balling,
denying and unreasonably withholding benefits to plaintiffs.

        E.      STATE FARM would summarily and arbitrarily low ball the claim as
soon as possible.

        F.      STATE FARM would intentionally delay the claim thereby depriving
claimants of policy benefits.

    29.    Although Defendants had sufficient information to evaluate the claim and make
payment of policy benefits, they unreasonably failed and refused in their duties as set forth
herein below:

        (a)      Failure to make uninsured and underinsured motorist payments to
Plaintiffs at a time when Defendants knew that Plaintiffs were entitled to said payments under
the terms of said contract of insurance.

        (b)      Delaying payments to Plaintiffs knowing Plaintiffs' claim for benefits
under said contract of insurance was valid;

        (c)      Withholding payments from Plaintiffs knowing Plaintiffs' claim for
benefits under said contract of insurance to be valid;

        (d)      Failure to pay Plaintiffs' uninsured/underinsured motorist benefits and
medical pay benefits when Defendant had sufficient information within their possession to
justify said payments;

        (e)      Failure to pay Plaintiff's uninsured/underinsured motorist benefits and
medical pay benefits pursuant to his claim as stated herein at a time when Defendants had

1  sufficient credible medical information and other information within their possession to warrant
2  payment of benefits;

3            (f)      Failure to pay Plaintiff's uninsured/underinsured motorist benefits
4  pursuant to his claim without obtaining important information bearing on Plaintiff's claim;

5            (g)      Failure to promptly and reasonably investigate and process the Plaintiff's
6  claim for uninsured/underinsured motorist benefits under their legal duties and the contract of
7  insurance;

8            (h)      Not attempting in good faith to effectuate a prompt and fair equitable
9  settlement of Plaintiff's claims for uninsured/underinsured motorist benefits in a case in which
10  liability was reasonably clear;

11            (I)      Failure to provide a reasonable explanation and the basis relied upon in the
12  subject contract of insurance or the relevant facts in relation to the applicable accident or
13  applicable law explaining the denial of Plaintiff's claims for uninsured/underinsured motorist
14  benefits;

15            (j)      Failure by the Defendants, to promptly pay the Plaintiff policy benefits
16  when they had sufficient information to know that the payment of benefits to be warranted under
17  the insurance policy;

18            (k)      Unreasonably withholding Plaintiff's uninsured/underinsured motorist
19  benefits without proper cause;

20            (I)      Failure to conduct a thorough comprehensive and objective investigation
21  of liability and damages before withholding Plaintiff's insurance benefits.

22            (m)      The withholding of Plaintiff's benefits was premised upon conjecture and
23  suspicion without any supporting true facts or contrary evidence;

24            (n)      Delaying Plaintiff's claim by promising to negotiate in good faith when in
25  truth and in fact Defendant intended to make an unreasonably low offer and, therefore, attempt to
26  settle the claim for an unreasonably low amount.

27            (o)      Failing to communicate with its insured to keep her appraised of the status
28  of her claim, taking an unreasonable and untenable position, hiring biased experts to attempt to

                                      – 10 –
                                   **COMPLAINT**

1  support their unreasonable position which was taken by the Defendants in breach of their

2  covenant of good faith and fair dealing to support their wrongfully withholding of the Plaintiff's

3  benefits as set forth herein.

4       30.     DEFENDANTS' conduct was and continues to be fraudulent, oppressive and

5  malicious in that it does not give the benefit of the doubt to PLAINTIFFS in pursuing the claims

6  investigations. Instead, DEFENDANTS placed their own financial interests ahead of

7  PLAINTIFFS' well-being, as well as PLAINTIFFS' rights under their policy.

8       31.     As a matter of business practice, DEFENDANTS unreasonably and in bad faith

9  deny or underpay claims. DEFENDANTS have a pattern and practice of underpaying or denying

10  claims in order to maximize "claims profit". The result is that PLAINTIFFS and

11  DEFENDANTS' other insured are cheated of monies rightfully owned to them.

12       32.     The unlawful conduct described in this complaint is a pervasive part of

13  DEFENDANTS' overall business plan and have caused DEFENDANTS to gain a windfall in the

14  form of unpaid or underpaid claims.

15       33.     DEFENDANTS' conduct in adjusting insurance claims offends established public

16  policy, is immoral, unethical, oppressive, unscrupulous and so substantially injurious to

17  consumers such as to constitute and unfair business practice and warrant injunctive relief and

18  disgorgement of ill gotten profits.

19  

20  **FIRST CAUSE OF ACTION**

21  **(Breach of Contract by all Plaintiffs against all Defendants)**

22      34. PLAINTIFFS incorporate by this reference each and every allegation contained in

23  Paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

24      35. PLAINTIFFS were each insured under a valid insurance policy issued by

25  DEFENDANTS which was in effect on the date their loss occurred.

26      36.     PLAINTIFFS paid considerations in the form of premiums, and have faithfully

27  performed all obligations required to be performed by them under the terms of the insurance

28  

– 11 –
**COMPLAINT**

contracts, except to the extent performance may have been excused by, among other things, DEFENDANTS' bad faith conduct and breach of the insurance policy.

37.    DEFENDANTS breached the terms of the contract by failing to pay and/or underpaying monies due under the contract and by forcing PLAINTIFFS to institute arbitration and this litigation.

38.    PLAINTIFFS have demanded that DEFENDANTS pay PLAINTIFFS claim for personal injuries under the uninsured motorist provision of the contract caused by the aforementioned hit and run motorist.

39.    As direct, proximate and legal result of DEFENDANTS' breaches of the contracts, PLAINTIFFS have been, and continue to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to: past and future medical expenses, past and future general damages, the loss of benefits due under the contract, consequential damages including interest on monies PLAINTIFFS could and should have received promptly, but which they did not receive in a timely fashion as a result of DEFENDANTS' breach of the contracts, and other fees expenses and costs to be proven at trial.

40.    PLAINTIFFS have also sustained other economic losses as a direct, proximate and legal result of DEFENDANTS' conduct, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing by all Plaintiffs against all Defendants)

41.    Plaintiffs incorporate by this reference each and every allegation contained in Paragraphs 1 through 48, inclusive, of this Complaint as though fully set forth herein.

42.    The insurance policies identified in this action contained an implied Covenant of Good Faith and Fair dealing, whereby DEFENDANTS, and each of them, agreed to perform their obligations in good faith and deal fairly with the PLAINTIFFS and that DEFENDANTS

1   would do nothing to interfere with the rights, remedies, privileges, benefits and interests of

2   Plaintiffs under the Insurance Policy.

3       43.     DEFENDANTS tortuously breached the implied covenants of good faith and fair

4   dealing arising from the insurance contracts by unreasonably denying or withholding benefits

5   due under the policies, by failing to conduct fair and objective claims investigation, by failing to

6   treat PLAINTIFFS and all other similarly situated insureds consistently and by other conduct,

7   including but not limited to that expressly set forth in this complaint, after accepting insurance

8   premiums from PLAINTIFFS.

9       44.     Despite PLAINTIFFS' repeated demands for payment of their past and future

10  medical bills and general damages pursuant to the uninsured motorist provision of their

11  insurance policy, DEFENDANTS continue to refuse payment and continue to engage in

12  unlawful insurance practices, which conduct constitutes a continuing tort which is causing

13
    PLAINTIFFS continued damages.
14

15      45.     DEFENDANTS engaged and continue to engage in a course of conduct to further

16  its own economic interest in violation of its obligations to PLAINTIFFS. This conduct includes,

17  but is not limited to that conduct alleged in this complaint and the following:

18          A.     Unreasonably and unjustifiably under evaluating and underpaying the

19  claims;

20          B.     Defendants failed to adopt and implement reasonable standards for the

21  prompt investigation and processing of plaintiffs' Claims knowing that plaintiffs would be unable

22  to pursue their full policy benefits or would become frustrated in pursuing their full policy

23  benefits and would drop their claims;

24          C.     Hiring unqualified and/or biased consultants, adjusters, agents, and/or

25  employees to evaluate losses and damages caused by the subject loss.

26          D.     Defendants failed to attempt in good faith to effectuate prompt, fair, and

27  equitable settlement of plaintiffs' claims in which liability had become reasonably clear.

28

- 13 -
**COMPLAINT**

E.     Deliberately, unjustifiably, and unreasonably failing to attempt in good faith to reach a prompt, fair, and equitable settlement of plaintiffs' claims in order to discourage plaintiffs from pursuing their full policy benefits;

F.     Failing to perform competent, complete, thorough, and unbiased claims investigation;

G.     Failing to treat similarly situated insureds similarly;

H.     Refusing to pay any or adequate insurance benefits which a reasonable person would have believed plaintiffs were entitled to receive;

I.     Failing to promptly provide a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of plaintiffs' claims;

J.     Deliberately, unreasonably and unjustifiably failing to timely and fully pay plaintiffs' claims under the policies;

K.     Compelling plaintiffs to incur legal expenses to obtain insurance benefits which defendants knew or reasonably should have known were owed to plaintiffs;

L.     Plaintiffs are informed, believe and thereon allege, that defendants have breached their duties of good faith and fair dealing owed to plaintiffs by other acts or omissions of which plaintiffs are presently unaware and which will be shown according to proof at the time of trial;

46. Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, DEFENDANTS, and each of them, have failed and refuse to act in good faith or act fairly toward PLAINTIFFS, and DEFENDANTS have, in bad faith, failed and refuse to perform their obligations under the insurance policies, and under the laws of the State of California.

47.     DEFENDANTS engaged in conduct that was malicious, fraudulent and oppressive. DEFENDANTS engaged in a scheme designed to minimize and delay PLAINTIFFS'

- 14 -
**COMPLAINT**

1 | claims. DEFENDANTS unreasonably denied claims even when presented with evidence of their

2 | validity. DEFENDANTS fraudulently represented that they would have the medical records

3 | evaluated by a medical expert, when it had no intention of doing so until forced to.

4 |     48.    As a direct, proximate result of said breaches of the covenants of good faith and

5 | fair dealing by DEFENDANTS, and each of them, PLAINTIFFS have been, and continue to

6 | incur substantial foreseeable consequential and incidental damages including diminution of value

7 | of real property in an amount according to proof, and PLAINTIFFS have been required to

8 | expend attorney's fees and costs in pursuing relief to which they are entitled as a matter of law.

9 | Pursuant to Brandt v. Superior Court (1985) 37 CAl3d 813, PLAINTIFFS are entitled to

10 | attorney's fees and costs reasonably incurred to compel the payment of benefits due under the

11 | insurance policies.

12 |     49.    As a further direct, proximate and legal result of the wrongful conduct of

13 | DEFENDANTS, and each of them, PLAINTIFFS have also sustained other economic damages,

14 |

15 | as set forth above, and other damages in an amount to be proven at trial.

16 |     50.    On the basis of all of the facts alleged hereinabove, DEFENDANTS' conduct and

17 | actions were despicable, and were done maliciously, oppressively and fraudulently, with the

18 | intent to deprive PLAINTIFFS of insurance benefits, and to cause injury to PLAINTIFFS, and

19 | with a willful and conscious disregard of PLAINTIFFS' rights, thereby subjecting PLAINTIFFS

20 | to unjust hardship and distress. As to all DEFENDANTS, the officers, directors and managing

21 | agents were personally involved in the decision-making process with respect to the misconduct

22 | alleged herein and to be proven at trial.

23 |     51.    As to the conduct alleged herein to have been engaged in by representatives of

24 | DEFENDANTS, and each of them, the officers, directors and managing agents authorized and

25 | ratified each and every act on which PLAINTIFFS' allegations of punitive damages herein are

26 | based. On that basis, pursuant to Civil Code section 3294, PLAINTIFFS are entitled to an award

27 |

28 |

**COMPLAINT**

of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter, DEFENDANTS, and each of them.

### THIRD CAUSE OF ACTION

**(Intentional Misrepresentation by all Plaintiffs against all Defendants)**

52.    Plaintiffs incorporate by this reference each and every allegation contained in Paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth herein.

53.    PLAINTIFFS are informed and believes, and upon such information and belief alleges, that STATE FARM, and more specifically, Defendant, Doe 1, a STATE FARM adjuster, while in the course and scope of his employment for STATE FARM knowingly made repeated intentional misrepresentations to Plaintiffs including but not limited to that: STATE FARM was going to submit Plaintiffs' medical records for review by a medical expert; that Arbitration proceeding should be stayed pending the evaluation by a medical expert after which STATE FARM would make a fair and reasonable offer.

54.    PLAINTIFFS are informed and believes, and upon such information and belief alleges, that Defendant, Doe 1 and STATE FARM knew the above-referenced representations were false when Doe 1 made the representations or made these representations recklessly and without regard for the truth.  STATE FARM intended for Plaintiffs to rely on the misrepresentations and agree to stay Arbitration proceedings pending the medical record review. PLAINTIFFS reasonably relied upon these misrepresentations by STATE FARM and has been harmed by the unreasonable delay in pursuing their claim.  PLAITNIFFS' reliance on DEFENDANTS' misrepresentations was a substantial factor in causing PLAINTIFFS' harm. Absent such misrepresentations by STATE FARM, PLAITNIFFS would not have agreed to stay Arbitration proceedings, and the claim would have now been resolved through Arbitration.

55.     As a direct, proximate, foreseeable, and unavoidable result of the above-referenced fraud, PLAINTIFFS have suffered, and continues to suffer, damages in an amount to be proven at trial.

56.     In doing the things herein alleged, the acts and conduct of STATE FARM, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civil Code §3294(c)), in that these acts were intended by STATE FARM to cause injury to PLAINTIFFS and/or constituted despicable conduct carried on by STATE FARM with willful and conscious disregard of the rights of PLAINTIFFS, with the intention of STATE FARM to deprive PLAINTIFFS of policy benefits owned and legal rights, and were authorized or approved by STATE FARM justifying an award of exemplary and punitive damages in in an amount according to proof, in order to deter STATE FARM from similar conduct in the future, should be made.  PLAINTIFFS claim such amounts as damages in addition to pre-judgment interest thereon pursuant to California Civil Code §§3287, 3288 and/or any other applicable provision of law providing for prejudgment interest.

**WHEREFORE**, PLAINTIFFS pray judgment against DEFENDANTS, and each of them, as follows:

## **FOR THE FIRST CAUSE OF ACTION**

1.     For general, special, and incidental damages according to proof;

2.     For pre and post judgment interest according to proof; and

3.     For costs, and other damages according to proof.

4.     For any further relief as may be deemed proper by this court.

## **FOR THE SECOND CAUSE OF ACTION**

1.     For general damages in an amount to be determined at trial;

2.     For special damages in an amount to be determined at trail;

3.    For punitive damages and exemplary damages according to proof;

4.    For pre and post judgment interest according to proof; and

5.    For attorney's fees, costs, and other damages according to proof.

6.    For any further relief as may be deemed proper by this court.


## FOR THE THIRD CAUSE OF ACTION

1.    For general damages in an amount to be determined at trial;

2.    For special damages in an amount to be determined at trail;

3.    For punitive damages and exemplary damages according to proof;

4.    For pre and post judgment interest according to proof; and

5.    For costs, and other damages according to proof.

6.    For any further relief as may be deemed proper by this court.


DATED: April 30, 2025              **D & Z LAW GROUP, LLP**

                                    Erik Zograbian, Esq.
                                    Attorney for Plaintiffs

**COMPLAINT**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AND DOES 1 TO 100<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>YERVAND ALOYAN AND ANI YANTURYAN | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**6/09/2025 4:52 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By N. Le, Deputy Clerk** |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>~~300 E Walnut St, Pasadena, CA 91101~~ BURBANK COURTHOUSE<br>300 EAST OLIVE AVENUE, RM 225<br>BURBANK CA 91502 | CASE NUMBER:<br>*(Número del Caso):* 25NNCV03954 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erik Zograbian, Esq., CA SBN 245144 D&Z Law Group, 1646 Victory Blvd, Glendale, CA 91201 818 937-9433

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* 06/09/2025  David W. Slayton, Executive Officer/Clerk of Court | *(Secretario)* N. Le | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)<br>☒ other *(specify):* entity form unknown<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |